**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Felicia Smith,              ) | Civil Action No. 3:13-00344-MBS |
|                 ) | |
| Plaintiff,       ) | |
| v.              ) | |
|                 ) | **ORDER AND OPINION** |
| South Carolina Community Bank, ) | |
|                 ) | |
| Defendant.       ) | |
|  _____) | |

Plaintiff Felicia Smith ("Plaintiff") filed this action against Defendant South Carolina Community Bank ("Defendant"), alleging state law claims for wrongful discharge, breach of contract, breach of contract with fraudulent intent, and breach of the implied warranty of good faith and fair dealing. (ECF No. 1-1.) This matter is before the court on Defendant's motion to dismiss and/or motion for partial judgment on the pleadings and Plaintiff's motion to remand the matter back to the Richland County (South Carolina) Court of Common Pleas. (ECF Nos. 7, 11.) For the reasons set forth below, the court **GRANTS** Plaintiff's motion to remand and declines to rule on Defendant's motion to dismiss and/or motion for partial judgment on the pleadings.

### I.   RELEVANT PROCEDURAL BACKGROUND

Plaintiff alleges that she was employed by Defendant until her termination on October 15, 2012. (ECF No. 1-1 at 12.) On January 4, 2013, Plaintiff commenced the instant action against Defendant in the Richland County (South Carolina) Court of Common Pleas, alleging claims for wrongful discharge, breach of contract, breach of contract with fraudulent intent, and breach of the implied warranty of good faith and fair dealing. (ECF No. 1-1.) On February 7,

2013, Defendant removed the matter to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (ECF No. 1.) Specifically, Defendant asserted removal was appropriate for the following reasons:

> The Lawsuit seeks payment of money from a Federal Deposit Insurance Corporation (FDIC), insured depository institution that is currently under a Consent Order with the FDIC, FDIC -10-108b, and is therefore in "troubled condition" as defined by 12 C.F.R. § 303.101(c)(3). Plaintiff is an Institution-Affliated Party (IAP) and the allegations in her Complaint arise from her employment with Defendant, such that any resulting judgment, the entitlement to which is denied, is the type of payment contemplated under 12 C.F.R. § 359.1(f)(1)(i), and requires the oversight and approval required by 12 C.F.R. § 359, pursuant to 12 U.S.C. §l828(k). The lawsuit seeks monetary payment specifically prohibited by 12 C.F.R. §§ 359.l(f)(l)(i)-.1(f)(l)(ii)(c), and -.2, absent FDIC approval and analysis of the applicable federal statutes.
>
> As another basis for original jurisdiction, the Complaint alleges that the Defendant failed to follow various federal laws and regulations relating to banks and discharged Plaintiff as a result of her seeking to follow such laws and regulations. Thus, analysis of the Plaintiff s allegations are based on federal laws and regulations.

(Id. at 1-2.)

In response to the allegations in the complaint, Defendant filed a motion on February 11, 2013, seeking either (1) dismissal of Plaintiff's causes of action for breach of contract, breach of contract with fraudulent intent, and breach of the implied warranty of good faith and fair dealing for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(4), (b)(5), and (b)(6); or (2) partial judgment on the pleadings as to the claims for breach of contract and breach of contract with fraudulent intent pursuant to Fed. R. Civ. P. 12(c). (ECF No. 7.) Defendant also filed an answer to the complaint on February 11, 2013, denying Plaintiff's claims. (ECF No. 5.)

Plaintiff filed opposition to Defendant's motion to dismiss and/or motion for partial judgment on the pleadings on February 23, 2013, to which Defendant filed a reply in support of

its motions on March 7, 2013. (ECF Nos. 12, 14.) On February 23, 2013, Plaintiff filed a motion to remand the matter to state court. (ECF No. 11.) Thereafter, on March 14, 2013, Defendant filed opposition to Plaintiff's motion to remand, to which Plaintiff filed a reply in support of her motion on March 22, 2013. (ECF Nos. 15, 20.)

## II.   LEGAL STANDARD

A.   Motions to Remand

The party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); see Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction"). The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "a civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Id. at § 1441(a). Moreover, in a case that does not contain an allegation of diversity of citizenship between the parties, the propriety of removal is based on a district court's "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the Untied States." 28 U.S.C. § 1331.

In determining whether an action presents a federal question under 28 U.S.C. § 1331, courts look to the allegations in a plaintiff's well-pleaded complaint to determine whether an

action "arises under" federal law or the United States Constitution. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9–10 (1983). In examining the complaint, a court must first discern whether federal or state law creates the cause of action. Most of the cases brought under federal question jurisdiction "are those in which federal law creates the cause of action." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 (1986). In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction. Id. If, however, state law creates the cause of action, federal question jurisdiction depends on whether the plaintiff's "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Christianson v. Colt. Indus. Operating Corp., 486 U.S. 800, 808 (1988)).

Under the substantial federal question doctrine, "a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two elements: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." Pinney, 402 F.3d at 442 (quoting Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004)). If the defendant fails to establish either of these elements, the claim does not arise under federal law pursuant to the substantial federal question doctrine, and removal cannot be justified under this doctrine. Id. A plaintiff's right to relief necessarily depends on a question of federal law when "it appears that some . . . disputed question of federal law is a necessary element of one of the well-pleaded state claims." Id. (quoting Franchise Tax Bd., 463 U.S. at 13). If a plaintiff can establish, without the resolution

of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law. See id. Thus, a claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless federal law is essential to each of those theories. Christianson, 486 U.S. at 810. Mere connection between a claim and a federal regulatory regime is an insufficient basis for federal jurisdiction. Pinney, 402 F.3d at 448 (discounting defendant's argument that the substantial-federal-question test could be met by a "sufficient connection" between "plaintiff's claim for relief and a federal regulatory scheme").

B.     Motions to Dismiss

Under Fed. R. Civ. P. 12(b)(4) and 12(b)(5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Fed. R. Civ. P. 4. See id. Fed. R. Civ. P. 4(h) governs the service of process upon corporations, partnerships, and associations and provides that, within a judicial district of the United States, service may be accomplished "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; . . . ." Fed. R. Civ. P. 4(h)(1). Fed. R. Civ. P. 4(e)(1) provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. Id. Noncompliance with Fed. R. Civ. P. 4 does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. See Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir.

1963) (upholding service upon the defendant's wife at a home to which the defendant never intended to return).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must treat factual allegations of the nonmoving party as true. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

C.     Motions for Judgement on the Pleadings

Fed. R. Civ. P. 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. Id. A Fed. R. Civ. P. 12(c) motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. Tollison v. B & J Mach. Co., Inc., 812 F. Supp. 618, 619 (D.S.C. 1993). The standard is almost identical to the standard employed in considering a Fed. R. Civ. P. 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Cont'l Cleaning Serv. v. United Parcel Serv., Inc., Case No. 1:98CV1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999); see also Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401,

405–06 (4th Cir. 2002).  In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." Pledger v. N.C. Dep't of Health & Human Servs., 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998).

### III.    ANALYSIS

A.    Plaintiff's Motion to Remand

*1.    The Parties' Arguments*

Plaintiff moves for remand, asserting that her "causes of action are based solely on South Carolina state law[,] . . . implicate no federal issues," and are not "based on any federal statutes or federal common law."  (ECF No. 11 at 4.)  In this regard, Plaintiff asserts that she has neither made a "claim pursuant to any FDIC regulation, nor is the interpretation of any FDIC regulation required in order for a court to award Plaintiff damages with respect to her claims in this case." (Id.)  Plaintiff further asserts that "Defendant's status as a 'troubled institution' does not implicate substantial issues of federal law" and any federal issues present "are purely periphery." (Id. at 4-5.)  Based on the foregoing, Plaintiff requests the court to remand the matter to state court and award her costs and attorney's fees incurred for having to move for remand.  (Id. at 6.)

Defendant opposes Plaintiff's motion to remand, arguing that the claims in Plaintiff's complaint allege violation of federal laws and "[i]nterpreting whether the Plaintiff has met her burden of proof on the[se] causes of action . . . will require interpretation of federal laws."  (ECF No. 15 at 3 (citing, e.g., In re Capital One Derivative S'holder Litig., 2012 U.S. Dist. LEXIS 182301, at *10 (E.D. Va. Dec. 21, 2012) (The court noted that a federal question existed because "(p)laintiffs therefore must demonstrate a violation of federal law in order to prevail on their state law claims.")).)  Therefore, Defendant contends that Plaintiff's motion to remand should be

denied.

In reply, Plaintiff asserts that Defendant mischaracterizes the complaint because the claims therein "are all state law causes of action, and . . . there are no federal causes of action." (ECF No. 20 at 3.) In this regard, Plaintiff asserts that federal question jurisdiction is not created by a complaint that "merely references federal law." (Id.) Therefore, Plaintiff asserts that her motion to remand should be granted.

### 2.     *The Court's Review*

In the complaint, Plaintiff pleaded causes of action for wrongful discharge, breach of contract, breach of contract with fraudulent intent, and breach of the implied warranty of good faith and fair dealing. (See ECF No. 1-1.) Upon review of the allegations in the complaint, the court finds that Plaintiff's causes of action (1) arise under state law; (2) are created by state law; (3) are South Carolina state common law claims with no connection to federal law; and (4) do not arise "under the Constitution, laws, or treaties of the United States." Citing 28 U.S.C. § 1331. The court further finds that Plaintiff's right to relief pursuant to these claims does not necessarily depend on the resolution of a substantial question of federal law. More specifically, Plaintiff does not need to show a violation of federal banking law in order to establish Defendant's liability for any of her causes of action. This is because a violation of federal banking law does not need to be found in order for liability to be imposed on Defendant as a result of Plaintiff's allegations in support of her claims for wrongful discharge, breach of contract, breach of contract with fraudulent intent, and breach of the implied warranty of good faith and fair dealing. Accordingly, Plaintiff is entitled to remand of her case because Defendant has not satisfied its burden of establishing federal question jurisdiction.

In addition to remand, Plaintiff seeks an award of costs and attorney's fees incurred in connection with having to bring the motion to remand. (See ECF No. 11 at 6.) The court is authorized to include in an order remanding a matter the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." See 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). Whether to award such fees is left to the court's discretion. See id. at 141. Upon review, the court finds that Defendant's grounds for removal were objectively reasonable. Therefore, the court declines to hold Defendant liable to Plaintiff for attorney's fees and costs incurred as a result of the removal of this case.

B.    Defendant's Motion to Dismiss and/or Motion for Partial Judgment on the Pleadings

Based on the foregoing finding that the instant action should be remanded to state court, the court declines to consider the remaining motion by Defendant to dismiss and/or motion for partial judgment on the pleadings.

## IV.  CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Plaintiff's motion to remand and orders the remand of this action to the Richland County (South Carolina) Court of Common Pleas for further proceedings. (ECF No. 11.) Defendant is not liable to Plaintiff for costs and attorney's fees resulting from the removal of this case. The remaining pending motion by Defendant to dismiss and/or motion for partial judgment on the pleadings will be properly considered by the Richland County (South Carolina) Court of Common Pleas.

**IT IS SO ORDERED**.

                                                  s/Margaret B. Seymour
                                                  MARGARET B. SEYMOUR
                                                  SENIOR UNITED STATES DISTRICT JUDGE

August 9, 2013
Columbia, South Carolina